Aaron A. Roblan (State Bar No. 244308)
Frank Birchfield (State Bar No. 196434)
**DAVIS WRIGHT TREMAINE LLP**
505 Montgomery Street, Suite 800
San Francisco, California  94111
Telephone:  (415) 276-6500
Facsimile:  (415) 276-6599
Attorneys for Defendant Target Corporation

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ANNIE GARCIA,<br><br>    Plaintiff,<br><br>    v.<br><br>TARGET CORPORATION and DOES 1-50,<br><br>    Defendants. | Case No. 1:07-cv-00013-TAG<br><br>**ORDER OF DISMISSAL** |

On March 5, 2008, this Court issued an Order granting Plaintiff Annie Garcia's ("Plaintiff") counsel of record's motion to withdraw and directing Plaintiff to file a Notice of Appearance in pro per or through counsel within 30 days – on or before April 4, 2008. (Doc. 31).  The March 5, 2008 order specifically informed Plaintiff that her failure to file a timely Notice of Appearance would result in a dismissal of the instant action. (Id.).  As of May 14, 2008, Plaintiff had not filed a Notice of Appearance in pro per or through counsel. (See Dkt. Sheet).

On May 14, 2008, the Court issued an Order to Show Cause ("OSC") that required Plaintiff to appear before the Court on June 2, 2008 and explain why she had not complied with the March 5,

1

2008 Order. (Doc. 37). The OSC advised Plaintiff that "**failure to timely comply with the order will result in an order dismissing this action.**" (Id.) (emphasis in original).

On June 2, 2008, the Court conducted a hearing on the OSC. Defendant appeared personally through counsel, Aaron Roblan. Although Plaintiff was duly notified of the hearing, she failed to appear. Plaintiff also failed to file a written response to the OSC. As of June 2, 2008, Plaintiff had not complied with the Court's March 5, 2008 Order directing her to file a Notice of Appearance or with the Court's May 14, 2008 OSC.

Local Rule 11-110 provides that "failure of counsel or of a party to comply with . . . any order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court." District courts have the inherent power to control their dockets and "in the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal of a case." Thompson v. Housing Auth., 782 F.2d 829, 831 (9th Cir. 1986). Despite warnings that this action would be dismissed if Plaintiff failed to comply with the March 5, 2008 order directing Plaintiff to file a Notice of Appearance and the May 14, 2008 OSC's mandate that Plaintiff appear before the Court on June 2, 2008, Plaintiff did not satisfy the requirements of either order. (See Dkt. Sheet).

Based on the foregoing, it is HEREBY ORDERED that:

1. This action IS DISMISSED WITHOUT PREJUDICE; and

2. The Clerk of the Court is DIRECTED to close this case.

IT IS SO ORDERED.

Dated:  **June 13, 2008**                                               /s/ **Theresa A. Goldner**

1
2  _____                                    UNITED STATES MAGISTRATE JUDGE
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28